﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200330-75249
DATE: March 31, 2021

REMANDED

Entitlement to service connection for posttraumatic stress disorder (PTSD) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from June 1979 to September 1979.

This appeal is before the Board of Veterans’ Appeals (Board) on appeal of a March 2020 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). Given the date of the rating decision on appeal, the Veteran’s appeal is governed by the modernized review system (known by the Board as AMA). 38 C.F.R. § 19.2 (2019). On his notice of disagreement to the Board, the Veteran selected direct review. Thus, the Board shall consider all evidence of record at the time of the March 2020 rating decision. 38 C.F.R. § 20.301.

In the March 2020 rating decision, the Agency of Original Jurisdiction (AOJ) made favorable findings of a diagnosis of PTSD. The Board is bound by the AOJ’s favorable findings under the AMA. However, the Veteran's claim was denied because the AOJ did not find a nexus between the Veteran’s PTSD and his service. 

The Veteran submitted a statement in support of his claim in January 2020. In his statement, the Veteran reported that, while in basic training, he went through gas chambers three times causing him to pass out. The Veteran also reported that it was suspected that he had a seizure. A service treatment record (STR) from June 1979 documents that the Veteran was being treated after being found passed out on the floor. It was also noted that the Veteran experienced a seizure while unconscious. 

After reviewing the record, the Board concludes that the claim must be remanded to correct a pre-decisional duty to assist error. Despite the diagnosis of PTSD in the record and statements regarding the in-service stressor, the RO has not yet pursued research of the stressor for verification and no examination or nexus opinion has been obtained despite having met the low bar of the McLendon elements. As such, the requirements of McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) were met prior to the AOJ adjudication and a remand is appropriate at this juncture.

The matters are REMANDED for the following action:

Schedule the Veteran for a psychiatric examination to determine the nature and etiology of any posttraumatic stress disorder (PTSD). 

If the Veteran is diagnosed with PTSD, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to the Veteran’s in-service stressor. The examiner must identify the specific stressor(s) underlying any PTSD diagnosis and comment upon the link between the current symptomatology and the Veteran’s stressor(s), if any.

If any other acquired psychiatric disorders are diagnosed (other than PTSD), the examiner must opine whether each diagnosed disorder is at least as likely as not related to an in-service injury, event, or disease, to include the Veteran being found passed out and having a seizure. 

The clinician is asked to provide the underlying reasons for all opinions expressed and is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

J. NICHOLS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. K. Hall, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.